IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TYRONE LAMPKIN, :
:
                Petitioner, : CIVIL ACTION NO. 19-1086
:
v. :
:
LAWRENCE P. MAHALLY, THE :
DISTRICT ATTORNEY OF THE :
COUNTY OF PHILADELPHIA, and :
THE ATTORNEY GENERAL OF THE :
STATE OF PENNSYLVANIA, :
:
                Respondents. :

## ORDER

**AND NOW**, this 27th day of February, 2020, after considering the petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, Tyrone Lampkin ("Lampkin") (Doc. No. 1), the state court record, the response to the petition filed by the respondents (Doc. No. 11), and United States Magistrate Judge Marilyn Heffley's report and recommendation (Doc. No. 12), it is hereby **ORDERED** as follows:

    1.      The clerk of court is **DIRECTED** to **REMOVE** this action from civil suspense and **RETURN** it to the court's active docket;

    2.      The report and recommendation (Doc. No. 12) is **APPROVED** and **ADOPTED**;[1]

    3.      The petition for a writ of habeas corpus (Doc. No. 1) is **DENIED**;

---

[1] Since neither party filed objections to Magistrate Judge Heffley's report and recommendation, the court need not review the report before adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court will review the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court has reviewed Magistrate Judge Heffley's report for plain error and has found none.

4. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2); and

5. The clerk of court is **DIRECTED** to mark this matter as **CLOSED**.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.